STEPHEN FELLOWS, administrator, *vs.* MARY W. SMITH.

Bristol.    Oct. 27, 1880. — Feb. 23, 1881.    ENDICOTT & FIELD, JJ., absent.

A widow has the right to expend money, to a reasonable amount, belonging to the estate of her husband, which is in her possession at the time of his death, for the purchase of provisions and other necessaries for her reasonable support within forty days after her husband's death.

CONTRACT upon an account annexed, by the administrator *de bonis non* with the will annexed of the estate of J. M. Smith, to recover $293, alleged to have been collected by the defendant, the widow of Smith, before his death.

The case was referred to an auditor, who found that the defendant collected and received $245 from the persons named in the plaintiff's account; that out of this sum she paid to John C. Marvel $119.50 for rent belonging to him, and to B. F. Winslow, the executor of the will of her husband, $50; that the amount remaining, $75.50, was used by the defendant in the purchase of clothing, provisions and other articles for her reasonable support within forty days after her husband's death; and that nothing was due from the defendant to the plaintiff on account of the money collected and received by the defendant.

In the Superior Court, the case was submitted to *Bacon*, J., without a jury, on the auditor's report; and the plaintiff asked the judge to rule that the defendant had no right to use any money belonging to her husband's estate, as was found by the

auditor. The judge declined so to rule; and found for the defendant. The plaintiff alleged exceptions.

*M. Reed*, for the plaintiff.

*J. M. Morton, Jr. & A. J. Jennings*, for the defendant.

SOULE, J. It appears from the auditor's report that the money paid by the defendant to Marvel was rent belonging to him. The case shows nothing which entitles the plaintiff to recover that sum.

The ruling asked for by the plaintiff, so far as it related to the only other sum in dispute, was in substance that a widow would under no circumstances have a right to use, for the purchase of provisions and other necessaries during forty days next after the death of her husband, any money belonging to his estate which chanced to be in her possession at his death. It is provided by the Gen. Sts. *c.* 96, § 5, that such provisions and other articles as are necessary for the reasonable sustenance of the family of one deceased for forty days after his death shall not be taken as assets for the payment of debts, legacies or charges of administration. If it were held that this statute does not authorize the expenditure by a widow, under any circumstances, of money for the purchase of necessaries, the statute would in many cases be wholly inoperative, and families be left in actual distress, or made dependent on charity for support, till such time as administration could be taken and an allowance made by the Probate Court. The purpose of the statute is to enable families to live out of the estate of the deceased husband and father for a short period, at a reasonable expense, without being accountable to the administrator for the part of the estate thus consumed. It would be a narrow construction which limited its application to the consumption of such provisions and fuel as happened to be in the house when the death occurred. The auditor found, and his report is *prima facie* evidence of the fact, that the sum in controversy was expended by the defendant in buying articles necessary for her reasonable support within forty days after her husband's death. On this evidence, the ruling of the judge of the Superior Court, and his refusal to rule as requested by the plaintiff, were correct.

*Exceptions overruled*